UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EMILEE BOWYER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:20-cv-00037-JRS-TAB |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Emilee Bowyer's petition for a writ of habeas corpus challenges her conviction in prison disciplinary case IWP 19-08-0006. For the reasons explained in this Entry, Ms. Bowyer's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

On August 2, 2019, Investigator Michele D. Miller-Clark wrote a conduct report charging Ms. Bowyer with a violation of Code B-247, possession or solicitation of unauthorized personal information:

> This conduct report is based on information gathered during confidential case file 19-IWP-0029, Intelligence gathered through monitored calls, GTL messaging and other forms of evidence to include the offender admitting in an interview she possessed personal information of former staff member Isabella Speedon this clearly indicates Offender Emilee Bowyer, 262506 did have unauthorized personal information involving a former staff member including but not limited to former staff Isabella Speedon's telephone number. Details of these findings are on a need to know basis and should not be disclosed to this offender to maintain the integrity of the confidential case file.

Dkt. 9-1. The confidential case file for 19-IWP-0029 and audio and video surveillance were filed *ex parte* for the Court's review at dockets 10 and 11.

Ms. Bowyer was notified of the charge on August 5, 2019. Dkt. 9-2. She pled not guilty, requested a lay advocate, requested to call two character witnesses, and requested the Investigation and Intelligence evidence. *Id.*

A re-hearing was held in IWP 19-08-0006 on November 8, 2019, and Ms. Bowyer stated "that it does not state in policy that you cannot communicate with a former staff member." Dkt. 9-4. Ms. Bowyer stated that she is a PREA victim because of this officer and asked why she was being punished. *Id.* The disciplinary hearing officer ("DHO") considered the staff report, the statement of offender, and the confidential I & I evidence and found Ms. Bowyer guilty. *Id.* Her sanctions included a credit class demotion. *Id.*

Ms. Bowyer's appeals to the Facility Head and the Indiana Department of Correction ("IDOC") Final Reviewing Authority were unsuccessful. Dkt. 9-8; dkt. 9-10. Ms. Bowyer then

filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return on May 4, 2020. Dkt. 9. Ms. Bowyer did not file a reply.

**C. Analysis**

Ms. Bowyer's petition states that she did not possess the personal information of Isabella Speedon, the phone number on her list was not registered to Ms. Speedon, and that she deleted pictures of Ms. Speedon from her GTL account after she received them. Dkt. 1 at 2. She argues that there is no IDOC policy that concerns the communication between offenders and former staff members. *Id.* Mr. Bowyer asserts that there was a conflict of interest with the hearing officer who presided over her re-hearing, and that the DHO was told to find her guilty. *Id.* at 2-3. The Court construes Ms. Bowyer's arguments as raising two grounds: (1) there was insufficient evidence to support her charge, and (2) she was denied an impartial decision-maker.

**1. Sufficiency of the Evidence**

The respondent argues that Ms. Bowyer has failed to exhaust her administrative remedies on her first ground challenging the sufficiency of the evidence. Dkt. 9 at 7. The Court has reviewed Ms. Bowyer's first level appeal dated November 18, 2019,[1] along with her letter to the Warden dated the same day. Dkt. 9-8; dkt. 9-9. Ms. Bowyer contended that though she did not deny

---

[1] Ms. Bowyer's appeal to the Facility Head stated: "I am the victim in a PREA investigation involving the former staff member in this [case]. In October of this year I had a conversation with Sgt. Lewis outside of Unit 1 about this write up. She asked me several questions about the CAB & specifically about Officer Speedon. After assuring me I wasn't in trouble, I opened up to Sgt. Lewis & spoke about the investigation. This is a conflict of interest & Sgt Lewis shouldn't have heard me. During my re-hearing Sgt. Lewis told me, 'administration is not allowing this to be dropped to a class C.' I asked her if administration referred to IWP or IDOC & she said both. This is similar to what Sgt. Schitter told me back in August when I was heard the first time. This has become extremely frustrating because if someone is making decisions for the DHB officers before my hearings are being held, how am I receiving a fair and impartial hearing. Sgt. Lewis had also been told what sanctions to give me, which are the same as those Sgt. Schitter gave me in August so I am forced to do them again." Dkt. 9-8.

3

speaking with Ms. Speedon, there are no phone, mail, or correspondence policies that mention communication with former staff members, she was told this violated code B-247 but was given a different definition of the code, and she sought a lesser offense. Dkt. 9-9. Construing these documents together, the Court finds that judicial efficiency would be best served in reviewing Ms. Bowyer's arguments as challenges to the sufficiency of the evidence, on the merits. *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (both approving ability of district courts to bypass questions of exhaustion for judicial expediency).

Courts may not reweigh evidence already presented at a prison disciplinary hearing. *Viens v. Daniels*, 871 F.2d 1328, 1328 (7th Cir. 1989). Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the [DHO] did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison

4

disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

Offense Code B-247, possession or solicitation of unauthorized personal information, is defined as:

> **Possessing or soliciting unauthorized personal information** regarding another offender, ex-offender, victim/witness, potential victim, **or current or former staff person**, **including but not limited to** personnel files, offender packets, medical or mental health records, **photographs**, Social Security Numbers, home addresses, financial information, or **telephone numbers**, **except as authorized by a court order or as approved in writing by the Warden**. This includes soliciting for correspondence (pen-pals) through forums on any website or periodical.

Dkt. 9-11 at 8 (IDOC Adult Disciplinary Process Appendix I: Offenses) (emphasis added). The Court finds that some evidence exists to support the DHO's decision that Ms. Bowyer possessed unauthorized information of a former staff member without a court or the Warden's approval.

The DHO relied on the conduct report which summarized the confidential case file 19-IWP-0029 documenting records of monitored calls and GTL evidence existed to establish that Ms. Bowyer possessed personal information to contact Ms. Speedon, including but not limited to her telephone number. Dkt. 9-1. The DHO considered the confidential case file which included but was not limited to summations of the details and subject matters of numerous recorded calls that took place between Ms. Bowyer and Ms. Speedon, and the summation of a videotaped interview of Ms. Bowyer. In the interview, Ms. Bowyer admitted that she talked to Ms. Speedon and possessed a phone number that Ms. Speedon told her to put on her phone list. Dkt. 10. Additionally, the investigation revealed that Ms. Bowyer had photographs of Ms. Speedon on her GTL messaging account. *Id.* The materials considered provided more than "some evidence" sufficient to support Ms. Bowyer's charge.

Accordingly, habeas corpus relief on this ground is **denied.**

### 2. Impartiality of Hearing Officer

Ms. Bowyer argues that she was denied the right to have her disciplinary case heard by an impartial decision-maker. Ms. Bowyer alleges that she was approached by the DHO, Sgt. Lewis, and was asked about the conduct report and was questioned about her relationship with Isabella Speedon. Dkt. 1 at 2. When her conduct report was set for a re-hearing, Sgt. Lewis was assigned as the DHO, and Ms. Bowyer alleges that Sgt. Lewis stated her charge could not be dropped as this was not allowed. *Id.* at 3.

"A 'sufficiently impartial' decision-maker is . . . necessary, in order to shield the prisoner from the arbitrary deprivation of his liberties." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Moreover, the "constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed on the prison staff. *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision-maker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Sgt. Lewis filed a declaration stating that she found Ms. Bowyer guilty based upon the conduct report and the evidence provided by the Investigations and Intelligence Division. Dkt. 9-12 at 2. Sgt. Lewis attests that she was "not directed by any person" to find Ms. Bowyer guilty and "did not have a conversation with Offender Bowyer about this disciplinary case or former office[r] Speedon before or after the disciplinary hearing." *Id.* The respondent contends that "[w]hile there

may [be] an evidentiary issue as to whether the conversation took place," Ms. Bowyer has not alleged that the DHO was involved directly or substantially in the factual events underlying the charge nor has shown how any such conversation amounted to prejudice against her. Dkt. 9 at 12-13. The Court agrees.

Ms. Bowyer alleges the conversation took place in October of 2019 – after the events referenced in the confidential case file and before a re-hearing that November. Ms. Bowyer does not provide additional information about what specific questions she was asked, just that she was asked questions about the CAB and Ms. Speedon. However, she does not explain how this conversation provides evidence that it was itself an investigation or that the DHO was directly involved in the incident or investigation of her underlying charge. Ms. Bowyer states this is a "conflict of interest" and that the DHO "shouldn't have heard me." Dkt. 1 at 2

"[D]ue process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge." *Shroyer v. Superintendent*, 2014 WL 2435564, at *3 (N.D. Ind. May 30, 2014) (citing *Piggie*, 342 F.3d at 666) (petitioner did not show bias with argument that DHO spoke with other prison staff about the conduct report before the hearing). "[T]he requirement of impartiality mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident but does not require the disqualification of someone tangentially involved." *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983). Ms. Bowyer's vague description of a conversation does not overcome the presumption of impartiality of the DHO. Her vague assertion of a conversation is not clear evidence of bias. Moreover, the Court finds no indication from the conduct report, confidential case file, or remainder of the record that Sgt. Lewis was involved in the underlying investigation. Further, Ms. Bowyer's mere assertion that

the DHO told her that her charge could not be lowered is her own unsupported account and does not by itself suggest bias or partiality. Simply put, Ms. Bowyer has not provided clear evidence to rebut the presumption of honesty and integrity of the DHO.

Accordingly, habeas corpus relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ms. Bowyer to the relief she seeks. Accordingly, Ms. Bowyer's petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

Final Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/16/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EMILEE BOWYER
262506
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov